TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant United States Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 25-01890-TUC-RCC (MSA) |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PLEAD MATERIALITY WITH FACTUAL PARTICULARITY (Fed R. Crim. P. 12(b)(3)(B)(v)).** |
| Eduardo Silva, | |
| Defendant. | |
| | **(Doc. 62)** |

The United States through undersigned counsel hereby respectfully responds in opposition to the defendant's Motion to Dismiss for Failure to Plead Materiality with Factual Particularity (Fed R. Crim. P. 12(b)(3)(B)(v)). (Doc. 62.)  This Court should reject all four bases for the motion.  Accordingly, this Court should dismiss the motion.

**<u>INTRODUCTION</u>**

None of the defendant's four bases for dismissal have merit.  He seeks dismissal on four grounds: (1) the indictment allegedly fails to "identify a specific false statement"; (2) the indictment allegedly fails to "explain why the statement was material"; (3) the indictment allegedly fails to "allege how the statement could have influenced the dealer"; and (4) the indictment allegedly does not "allege whether the transaction would have been unlawful". (Doc. 62.) This Court should not dismiss the indictment. The indictment clearly states the defendant violated 18 U.S.C. § 922(a)(6)(A) and 924(a)(2), "in that the

defendant, in connection with the purchase of each of the firearms below, stated that he was the actual transferee/buyer of the firearm, whereas in truth and fact, he was knowingly acquiring the firearm on behalf of another individual." (Doc. 1.) Moreover, the defendant does not address this statement in any way in his pleading. (*See* Doc. 62.) The defendant, strangely, asserts "The Indictment should allege facts showing the actual buyer was prohibited or that the transfer violated straw purchase prohibitions." *Id*. The indictment properly charges the defendant with lying on the form for a prohibited purpose, as noted in the indictment and following case law. For these reasons, as seen below, this Court should not dismiss the indictment.

## FACTS AND PROCEDURAL BACKGROUND

On December 3, 2024, Rogelio Rodriguez Amaral (hereinafter "Rodriguez Amaral), a Citizen of Mexico and an unknown subject passenger, later identified as Rodriguez Amaral's son, departed from the United States at the Lukeville, Arizona, Port of Entry (POE) and applied for admission into Mexico at the Sonoyta, Mexico, Port of Entry. Rodriguez Amaral and his son were traveling in a white Ford F-150 bearing a Mexico license plate (registered to Rodriguez Amaral). Rodriguez Amaral was driving the vehicle. Mexican Customs officials referred the vehicle to a secondary inspection area for further examination. Rodriguez Amaral and son exited the vehicle to allow for the inspection. During the inspection, Mexican Customs officials obtained the identifications of the occupants and located fifty-seven (57) firearms (including handguns, shotguns, and rifles), firearm ammunition, and firearm magazines hidden inside of water heaters and speakers that were in the bed of the pickup truck. (*See* 4:25-cr-01433-RM-BGM, indicted on March 12, 2025.) Mexican Customs officials notified Customs and Border Protection personnel at the Lukeville POE regarding their seizure of the firearms, ammunition, and firearms magazines, on that date.

As a result, in January 2025, special agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) began an investigation into the seizure of the 57 firearms.

Twenty (20) of these firearms traced back to the defendant Eduardo Silva as the original purchaser. Additionally, five (5) other firearms traced back to the codefendants as original purchasers. The 20 firearms purchased by the defendant are charged in the indictment in Counts 1-20. (Doc. 1.)

ATF special agents then contacted several Federal Firearms Licensees (FFLs) to see if they had sold firearms to the defendants, and to receive copies of the ATF Form 4473s. ATF Form 4473 is a form purchasers must fill out when buying a firearm that includes biographical information and a series of avowals by the purchaser. This includes an avowal under section 21.a. where the purchaser states they are the actual purchaser of the transferee/buyer of the firearm and that they are not acquiring the gun for a third-party, i.e., a straw purchase. The question also notes that if the person completing the form is acquiring the firearm on behalf of another person, the licensee (FFL) cannot transfer any firearm to them, thus affecting the lawfulness of the sale.

As to all purchases the defendant (and codefendants) marked "Yes" on section 21.a. of the ATF Form 4473, indicating the defendant was the actual buyer/transferee of the firearms and was not acquiring the firearms for another person. Therefore, as stated in the indictment, "the defendant, in connection with the purchase of each of the firearms below, stated that he was the actual transferee/buyer of the firearm, whereas in truth and fact, he was knowingly acquiring the firearm on behalf of another individual." (Doc. 1.) As stated directly on the form, this was a fact material to the sale of the firearm.

**ARGUMENT**

The statute criminalizes:

> for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.
> 18 U.S.C. § 922(a)(6).

The Ninth Circuit Jury Instruction 14.8 requires proof of the following elements:

First, [specify seller] was a licensed firearms [dealer] [importer] [manufacturer] [collector];

Second, in connection with [acquiring] [attempting to acquire] a [specify firearm] from [specify seller], the defendant [made a false statement] [furnished or exhibited false identification];

Third, the defendant knew the [statement] [identification] was false; and

Fourth, the false [statement] [identification] was material; that is, the false [statement] [identification] had a natural tendency to influence or was capable of influencing [specify seller] into believing that the [specify firearm] could be lawfully sold to the defendant.
Ninth Circuit Jury Instruction 14.8

The Ninth Circuit Jury Instruction also includes a comment:

As to the fourth element of this instruction, the identity of the "actual" buyer is material to the lawfulness of the sale of a firearm. *Abramski v. United States*, 573 U.S. 169, 179 (2014). A "straw" buyer's false indication on ATF gun sales Form 4473 that he is the "actual" buyer is material, even if the true buyer was legally eligible to own the firearm. Id. at 189-90; *see also United States v. Manney*, 114 F.4th 1048, 1053-54 (9th Cir. 2024) (holding that *Abramksi* foreclosed the defendant's argument that her statement falsely claiming to be the actual purchaser was immaterial because the true buyer could legally possess a firearm).
*Id*.

The indictment alleges that the defendant, "knowingly made false statements and representations to the businesses listed below… the defendant, in connection with the purchase of each of the firearms below, stated that he was the actual transferee/buyer of the firearm, whereas in truth and fact, he was knowingly acquiring the firearm on behalf of another individual." (Doc. 1.)

ATF Form 4473, section 21.a., includes the following question and warning:

Are you the actual transferee/buyer of all the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?
**Warning: You are not the actual transferee/buyer if you acquiring any of the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer any of the firearm(s) to you.**
ATF Form 4473 (emphasis in original)

- 4 -

The Supreme Court held in *Abramski v. United States*, 134 S. Ct. 2259, 2272 (2014), that:

> Abramski's principal attack on his § 922(a)(6) conviction therefore fails. Contrary to his contention, the information Question 11.a.[1] requests— "[a]re you the actual transferee/buyer[?]" or, put conversely, "are [you] acquiring the firearm(s) on behalf of another person[?]"—is relevant to the lawfulness of a gun sale. That is because, for all the reasons we have given, the firearms law contemplates that the dealer will check not the fictitious purchaser's but instead the true purchaser's identity and eligibility for gun ownership. By concealing that Alvarez was the actual buyer, Abramski prevented the dealer from transacting with Alvarez face-to-face, see § 922(c), recording his name, age, and residence, see § 922(b)(5), inspecting his photo ID, see § 922(t)(1)(C), submitting his identifying information to the background check system, see § 922(t)(1)(B), and determining whether he was prohibited from receiving a firearm, see § 922(d). In sum, Abramski thwarted application of essentially all of the firearms law's requirements. We can hardly think of a misrepresentation any more material to a sale's legality. *Abramski*, 134 S. Ct. at 2272.

The Unites States' argument follows.

## I.    The Indictment Did Not Fail To "Identify a Specific False Statement".

As seen above, the statement as to whether the person is the actual transferee/buyer of all the firearm(s) is a specific statement. The indictment correctly addressed this false statement by alleging that, "the defendant, in connection with the purchase of each of the firearms below, stated that he was the actual transferee/buyer of the firearm, whereas in truth and fact, he was knowingly acquiring the firearm on behalf of another individual." (Doc. 1.)  As the statement in question is directly addressed in indictment, the motion should be denied on this basis.

## II.    The Indictment Did Not Fail To "Explain Why The Statement Was Material".

Again, the indictment specifically refers to the statement in question, cites the applicable statute, and the defendant specifically cites the Ninth Circuit Jury Instruction which specifically cites Abramski for the proposition that, "the identity of the 'actual' buyer is material to the lawfulness of the sale of a firearm." Ninth Circuit Jury Instruction

---

[1] Question 21.a. was previously listed as 11.a. on prior ATF Form 4473's.

- 5 -

14.8. It cannot be said that the government must cite case law in the indictment which directly addresses one of the elements the government is required to prove, nor would such a requirement be lawful, if the defendant is correct, as the defendant asserts in his pleading that materiality is a question for the jury. *See* Defendant's Motion, Doc. 62, pg. 3. Therefore, the indictment does fail to explain why the statement was material, and the motion should be denied.

**III.    The Indictment Does Not Fail To "Allege How The Statement Could Have Influenced The Dealer".**

Even under the defendant's expansive view of the case law, the defendant asserts that *United States v. Gaudin*, 515 U.S. 506, 510 (1995) applies to § 922(a)(6) without any case law to support said assertion, the United States includes in the indictment specific references to the statement which was intended and likely to deceive the businesses, and case law specifically affirms that this statement does in fact represent a material misrepresentation. As previously noted, the indictment alleges the defendant represented he was the actual purchaser of the firearm when he was not. As noted by the Supreme Court, a person in doing so, "…thwarted application of essentially all of the firearms law's requirements. We can hardly think of a misrepresentation any more material to a sale's legality." *Abramski*, 134 S. Ct. at 2272. Accordingly, the indictment cites the one statement that is "a misrepresentation any more material to a sale's legality," certainly therefore influenced the dealer, even under *Gaudin* shows materiality, and the motion should be denied.

**IV.    The Indictment Does Not Fail To "Allege Whether The Transaction Would Have Been Unlawful".**

Curiously, the defendant also asserts the indictment fails to allege the transaction would have been unlawful, despite the specific references to the statement which the government is asserting was unlawful. The defendant also states that "If, for example, Mr. Silva was legally entitled to purchase the firearms and the dealer was legally entitled to sell them, then no statement could be 'material to the lawfulness of the sale' regardless of its

truth or falsity. The statutory language itself requires a nexus between the false statement and unlawfulness…" Defendant's Motion, Doc. 62, pg. 7.

The Ninth Circuit made clear, however, that *Abramksi* foreclosed the defendant's argument that a statement falsely claiming to be the actual purchaser was immaterial because the true buyer could legally possess a firearm. *United States v. Manney*, 114 F.4th 1048, 1053-54 (9th Cir. 2024); *see also* Ninth Circuit Jury Instruction 14.8, comment. And consistent with that understanding, the government would be forced, if the defendant is correct, to do what is often alleged in other cases, and have a speaking indictment, which surely would draw an objection for the opposite reasons. The indictment is entirely consistent with the statute, the jury instructions, and the case law, and for these reasons, the defendant's motion should be denied.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the defendant's Motion to Dismiss for Failure to Plead Materiality with Factual Particularity (Fed R. Crim. P. 12(b)(3)(B)(v)).

Respectfully submitted this 12th day of February, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*/s/ Adam D. Rossi*
ADAM D. ROSSI
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Richard S. Madril, Esq., *Counsel for Defendant*

*/s/ Adam D. Rossi*
U.S. Attorney's Office