TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant United States Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 25-01890-TUC-RCC (MSA) |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS MULTIPLICITOUS COUNTS (Fed R. Crim. P. 12(b)(3)(B)(II)).** |
| Eduardo Silva, | |
| Defendant. | **(Doc. 63)** |

The United States through undersigned counsel hereby respectfully responds in opposition to the defendant's Motion to Dismiss Multiplicitous Counts of the Indictment (Fed R. Crim. P. 12(b)(3)(B)(II)).  (Doc. 63.)  This Court should reject the premise of the motion, as reasons cited in the motion are incorrect, and deny the motion.

## INTRODUCTION

The defendant's cited reasons for dismissal have no merit.  He seeks dismissal based on the indictment allegedly failing to allege "different false statements, different legal disabilities, or distinct decision-making processes by dealers." (Doc. 63.) This Court should not dismiss the indictment for these reasons. However, the defendant is correct, but for a different reason, as seen below. This should not result in dismissal, simply that the government be permitted to amend the indictment via a superseding indictment.

/ / /

## FACTS AND PROCEDURAL BACKGROUND

The United States hereby incorporates the factual background from its Response to the defendant's Motion to Dismiss for Failure to Plead Materiality with Factual Particularity (Fed R. Crim. P. 12(b)(3)(B)(v)) (Doc. 71), for the purpose of this response.

The indictment includes the following purchases that occurred on the same date, with the same Federal Firearms Licensee, with the same false statement on the ATF Form 4473:

Counts 2 and 3 on January 24, 2024, at Turner's Outdoorsman.

Counts 7 and 8 on February 24, 2024, at Elite Guns and Ammo.

Counts 18, and 20 on December 2, 2024, at Catalina Pawn.

On December 2, 2024, the defendant completed a separate purchase at a separate FFL, and completed a separate ATF Form 4473, and allegedly knowingly misrepresented he was the ultimate purchaser. Doc. 1, Count 17. Also on December 2, 2024, the defendant completed a separate purchase at the same FFL (Catalina Pawn), and completed a separate ATF Form 4473, and allegedly knowingly misrepresented he was the ultimate purchaser. Doc. 1, Count 19.

## ARGUMENT

The United States hereby incorporates the argument, particularly the case law, from its Response to the defendant's Motion to Dismiss for Failure to Plead Materiality with Factual Particularity (Fed R. Crim. P. 12(b)(3)(B)(v)) (Doc. 71), for the purpose of this response.

In *United States v. Keen*, 104 F.3d 1111, 1118 (9th Cir. 1996), the Ninth Circuit noted that,

> In *Brown v. United States*, 623 F.2d 54 (9th Cir.1980), we addressed § 922(a)(6), which prohibits the making of any false statement in connection with the acquisition of any firearm or ammunition. The defendant was convicted and sentenced for twice violating this section in one transaction— he lied about his name and his criminal record on the requisite purchase document.13 *Id*. at 55. We concluded that Congress had not intended for § 922(a)(6) to impose cumulative punishments where a single transaction involved multiple false statements. *Id*. at 59.
> *Keen*, 104 F.3d at 1119.

While the indictment refers to violations of 18 U.S.C. § 922(a)(6)(A) and 924(a)(2) on the same date for multiple purchases, those purchase are on a single ATF Form 4473. While *Brown* found multiple violations on the same form, under the same statute, to be multiplicitous, the government concedes multiple charges based on a single misrepresentation but for multiple firearms could, potentially without conceding this argument in other cases, and in an abundance of caution, be multiplicitous. In this instance, the government will agree, specifically in this case, to supersede and amend the indictment to properly reflect a single transaction, so a knowingly false statement on a single ATF Form 4473. The remaining counts should *not* be forced to be elected, or dismissed.

What *Brown* does not stand for is the proposition that the same knowing false statement on separate documents prohibits constrains the ability of the government to seek punishment for those other lies or scheme of lies. *See Brown*, 623 F.2d  at 58 ("Section 922(a)(6) contains no language to suggest that Congress intended cumulative punishment for a single document that contained two false statements… Thus, we cannot conclude from the face of section 922(a)(6) that Congress clearly intended to impose consecutive sentences for creation of a single document containing two false statements").

The result would clearly be manifestly unjust: one could make the same knowingly false statement, multiple times, on multiple dates, and with multiple FFL's, and only be charged once. That is not a plain reading of the statute, nor would it reflect congressional intent. *See Brown*, *supra*. Accordingly, separate documents at separate times and/or locations would pass muster, and the motion should be denied. The government should be permitted to amend the indictment to condense those instances where multiple purchasers were made on a single ATF Form 4473, as noted above, and leave the other charges alleging violations in separate forms, on separate dates, and/or at separate FFL's as they are.

**CONCLUSION**

For the foregoing reasons, the Court should deny the defendant's Motion to Dismiss Multiplicitous Counts of the Indictment (Fed R. Crim. P. 12(b)(3)(B)(II)).

Respectfully submitted this 12th day of February, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*/s/ Adam D. Rossi*
ADAM D. ROSSI
Assistant U.S. Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Richard S. Madril, Esq., *Counsel for Defendant*

*/s/ Adam D. Rossi*
U.S. Attorney's Office