TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant United States Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 25-01890-TUC-RCC (MSA) |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO ADEQUATELY PLEAD KNOWING FALSITY (Fed R. Crim. P. 12(b)(3)(B)).** |
| Eduardo Silva, | |
| Defendant. | **(Doc. 64)** |

The United States through undersigned counsel hereby respectfully responds in opposition to the defendant's Motion to Dismiss for Failure to Adequately Plead Knowing Falsity (Fed R. Crim. P. 12(b)(3)(B)). (Doc. 64.) This Court should reject the premise of the motion as the knowingly false statement is included in the indictment. Accordingly, this Court should dismiss the motion.

**INTRODUCTION**

The defendant's basis for dismissal has no merit. He seeks dismissal based on the indictment allegedly failing to "adequately plead knowing falsity," and that the "indictment here alleges knowledge in conclusory form but pleads no facts showing Mr. Silva understood that any statement was false or legally significant." (Doc. 64.) This Court should not dismiss the indictment. The indictment clearly states the defendant violated 18 U.S.C. § 922(a)(6)(A) and 924(a)(2), "in that the defendant, in connection with the

purchase of each of the firearms below, stated that he was the actual transferee/buyer of the firearm, whereas in truth and fact, he was knowingly acquiring the firearm on behalf of another individual." (Doc. 1.) Moreover, the defendant does not address this statement in any way in his pleading. (*See* Doc. 64.) The defendant, bizarrely, asserts "The government must plead facts supporting the defendant's subjective knowledge of falsity," citing *United States v. Johnson*, 680 F.3d 1140, 1144 (9th Cir. 2012), to a page that specifically notes that the similar statute 18 U.S.C. § 924(a)(1)(A) does not require the United States to "prove that the falsehood related to the lawfulness of the sale." *Id*.; *see Johnson*, 680 F.3d 1140, 1144. While the government appreciates the government must prove the defendant knew the statement was false, *see* Ninth Circuit Jury Instruction 14.8, the defendant's assertion has no basis in the case law. The indictment charges the defendant with knowingly lying on the form for a prohibited purpose, as noted in the indictment and following case law. For these reasons, as seen below, this Court should not dismiss the indictment.

### FACTS AND PROCEDURAL BACKGROUND

The United States hereby incorporates the factual background from its Response to the defendant's Motion to Dismiss for Failure to Plead Materiality with Factual Particularity (Fed R. Crim. P. 12(b)(3)(B)(v)) (Doc. 71), for the purpose of this response.

### ARGUMENT

The statute criminalizes:

> for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.
>
> 18 U.S.C. § 922(a)(6).

The Ninth Circuit Jury Instruction 14.8 requires proof of the following elements:

> First, [specify seller] was a licensed firearms [dealer] [importer] [manufacturer] [collector];

Second, in connection with [acquiring] [attempting to acquire] a [specify firearm] from [specify seller], the defendant [made a false statement] [furnished or exhibited false identification];

Third, the defendant knew the [statement] [identification] was false; and

Fourth, the false [statement] [identification] was material; that is, the false [statement] [identification] had a natural tendency to influence or was capable of influencing [specify seller] into believing that the [specify firearm] could be lawfully sold to the defendant.
Ninth Circuit Jury Instruction 14.8

The Ninth Circuit Jury Instruction also includes a comment:

As to the fourth element of this instruction, the identity of the "actual" buyer is material to the lawfulness of the sale of a firearm. *Abramski v. United States*, 573 U.S. 169, 179 (2014). A "straw" buyer's false indication on ATF gun sales Form 4473 that he is the "actual" buyer is material, even if the true buyer was legally eligible to own the firearm. Id. at 189-90; *see also United States v. Manney*, 114 F.4th 1048, 1053-54 (9th Cir. 2024) (holding that *Abramksi* foreclosed the defendant's argument that her statement falsely claiming to be the actual purchaser was immaterial because the true buyer could legally possess a firearm).
*Id*.

The indictment alleges that the defendant, "knowingly made false statements and representations to the businesses listed below… the defendant, in connection with the purchase of each of the firearms below, stated that he was the actual transferee/buyer of the firearm, whereas in truth and fact, he was knowingly acquiring the firearm on behalf of another individual." (Doc. 1.)

ATF Form 4473, section 21.a., includes the following question and warning:

Are you the actual transferee/buyer of all the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?
**Warning: You are not the actual transferee/buyer if you acquiring any of the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer any of the firearm(s) to you.**
ATF Form 4473 (emphasis in original)

The Supreme Court held in *Abramski v. United States*, 134 S. Ct. 2259, 2272 (2014), that:

- 3 -

Abramski's principal attack on his § 922(a)(6) conviction therefore fails. Contrary to his contention, the information Question 11.a.[1] requests— "[a]re you the actual transferee/buyer[?]" or, put conversely, "are [you] acquiring the firearm(s) on behalf of another person[?]"—is relevant to the lawfulness of a gun sale. That is because, for all the reasons we have given, the firearms law contemplates that the dealer will check not the fictitious purchaser's but instead the true purchaser's identity and eligibility for gun ownership. By concealing that Alvarez was the actual buyer, Abramski prevented the dealer from transacting with Alvarez face-to-face, see § 922(c), recording his name, age, and residence, see § 922(b)(5), inspecting his photo ID, see § 922(t)(1)(C), submitting his identifying information to the background check system, see § 922(t)(1)(B), and determining whether he was prohibited from receiving a firearm, see § 922(d). In sum, Abramski thwarted application of essentially all of the firearms law's requirements. We can hardly think of a misrepresentation any more material to a sale's legality. *Abramski*, 134 S. Ct. at 2272.

The Unites States' argument follows.

## I.    The Indictment Did Not Fail To "Adequately Plead Knowing Falsity".

As seen above, the indictment specifically references the statement, as to whether the person is the actual transferee/buyer of all the firearm(s), and that the defendant in truth and in fact was purchasing the firearm for another person. A plain reading of the indictment makes this clear. As the statement in question is directly addressed in indictment, and falsity of the statement is directly addressed in the indictment, the motion should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny the defendant's Motion to Dismiss for Failure to Adequately Plead Knowing Falsity (Fed R. Crim. P. 12(b)(3)(B)).

Respectfully submitted this 12th day of February, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*/s/ Adam D. Rossi*
ADAM D. ROSSI
Assistant U.S. Attorney

---

[1] Question 21.a. was previously listed as 11.a. on prior ATF Form 4473's.

- 4 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Richard S. Madril, Esq., *Counsel for Defendant*

*/s/ Adam D. Rossi*
U.S. Attorney's Office