**LAW OFFICE OF RICHARD S. MADRIL**
**6025 South Holly Drive**
**Tucson, Arizona 85706-4630**
**(520) 889-8086**
**richmadril@yahoo.com**

Attorney for DEFENDANT
Pima County Computer No. 64737
State Bar No. 014533

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**EDUARDO SILVA,**<br>Defendant | **Case No.: CR25-01890-TUC-JRCC-(MAA)**<br><br>**DEFENDANT'S REPLY TO THE UNITED STATES' RESPONSE TO MOTION TO DISMISS FOR FAILURE TO ADEQUATELY PLEAD KNOWING FALSITY (Fed. R. Crim. P. 12(b)(3)(B))** |

It is expected that excludable delay under Title 18 U.S.C §3161(h)(1)(F) will occur as a result of this motion or of an order based thereon.

**INTRODUCTION**

The Government's Response to the Defendant’s Motion to Dismiss for Failure to Adequeately Plead Knowing Falisity argues that the Indictment properly alleges "knowing falsity" because it uses the word "knowingly" when describing Mr. Silva's statement.

But under the Constitution, an indictment must do more than just repeat magic words from the law.

"Knowledge" is an essential element of the crime charged under 18 U.S.C. § 922(a)(6). This means the Government must prove that Mr. Silva knew his statement was false. When knowledge is a required element, the indictment must include facts that explain how the defendant knew the statement was false. Simply inserting the word "knowingly" is not enough.

The Indictment here states that Mr. Silva said he was the "actual transferee/buyer" and that "in truth and fact" he was purchasing for another person. But it does not explain:

1. Who the alleged other person was;
2. Whether that person told him to buy the firearm;
3. Whether money was exchanged;
4. Whether Mr. Silva transferred the firearm to someone else;
5. Any statement, admission, or action by Mr. Silva showing he knew the statement was false;
6. Any facts showing Mr. Silva understood the legal meaning of "actual buyer."

Because the Indictment states knowledge only as a legal conclusion without supporting facts, dismissal is required.

**I. KNOWLEDGE IS AN ESSENTIAL ELEMENT THAT MUST BE EXPLAINED WITH FACTS**

Section 922(a)(6) makes it a crime to "knowingly" make a false statement when buying a firearm. The word "knowingly" is crucial because it means the person must have known the statement was false when they made it.

The Supreme Court has made clear that every essential element of a crime must be submitted to a jury for decision. And if it must be submitted to a jury, it must first be properly stated in the indictment.

In *United States v. Gaudin*, 515 U.S. 506 (1995), the Court held: "The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged." *Id.* at 510.

Knowledge is an element of this crime. Therefore, it must be properly stated in the indictment with actual facts, not just the word "knowingly."

## II. AN INDICTMENT MUST DO MORE THAN REPEAT THE LAW

The Supreme Court addressed this exact issue in Russell v. United States, 369 U.S. 749 (1962). The Court explained: "Where guilt depends so crucially upon a specific identification of fact, an indictment must do more than simply repeat the language of the criminal statute." *Id*. at 764.

The Court further held: "To allow the prosecution, or the court, to make a subsequent guess as to what was in the minds of the grand jury… would deprive the defendant of a basic protection." *Id.* at 770.

Here, the Indictment repeats the law by stating Mr. Silva "knowingly" made a false statement. But it provides no factual allegations showing:

1. What Mr. Silva knew;
2. When he knew it;
3. How he knew it;
4. Why he believed the statement was false.

That is exactly the kind of conclusory pleading (stating a legal conclusion without supporting facts) that *Russell* forbids.

## III. THE GOVERNMENT CONFUSES TRIAL PROOF WITH INDICTMENT REQUIREMENTS

In Doc. 73, The Government relies on Ninth Circuit Jury Instruction 14.8 and on the Supreme Court case *Abramski v. United States*, 573 U.S. 169 (2014).

But jury instructions describe what must be proven at trial and not what must be stated in an indictment before trial.

The issue here is not whether knowledge can be proven later at trial. The issue is whether the grand jury alleged facts supporting knowledge in the indictment itself.

The Supreme Court in *Hamling v. United States*, 418 U.S. 87 (1974), stated: "It is generally sufficient that an indictment set forth the offense in the words of the statute itself… but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense." *Id*. at 117.

There are no "facts and circumstances" alleged here regarding knowledge. The Indictment simply uses the word "knowingly" without explaining the factual basis for that conclusion.

**IV. KNOWLEDGE MEANS SUBJECTIVE AWARENESS**

The Government criticizes Mr. Silva's reliance on *United States v. Johnson*, 680 F.3d 1140 (9th Cir. 2012). But the *Johnson* case confirms that knowledge matters under this law.

The Ninth Circuit explained: "Section 922(a)(6) requires that the defendant knowingly make a false statement." *Id*. at 1144.

"Subjective awareness" means what was actually in the person's mind—what they personally knew or understood. Knowledge under this law refers to the defendant's awareness that the statement was false—not merely that the statement was made.

The Indictment does not allege:

1. That Mr. Silva knew he was acting on behalf of another person;
2. That he knew the legal significance of the term "actual buyer";
3. That he intended to deceive the dealer;
4. Any factual basis supporting that he subjectively knew the statement was false.

Without such allegations, the grand jury's finding of knowledge is not supported by facts, it is just a conclusion.

**V. EVIDENCE DISCLOSURE CANNOT SUPPLY MISSING ELEMENTS**

The Government refers to background facts from another response. But the Ninth Circuit has held: "The indictment itself must contain the essential facts constituting the offense charged." *United States v. Cecil,* 608 F.2d 1294, 1296 (9th Cir. 1979).

In *Cecil*, the indictment was dismissed because it failed to provide sufficient factual detail. The court warned: "A cryptic form of indictment in cases of this kind requires the defendant to go to trial with the chief issue undefined." *Id.* at 1297.

The Government cannot rely on evidence disclosure, references to other documents, or later explanations to cure a deficient indictment. The grand jury must allege the facts supporting knowledge in the indictment itself.

**VI. THE INDICTMENT DOES NOT SHOW HOW THE STATEMENT WAS KNOWINGLY FALSE**

The ATF Form 4473 is the federal form that must be filled out when buying a gun from a licensed dealer. One question on this form asks whether the purchaser is the "actual transferee/buyer", meaning, are you buying this gun for yourself, or are you buying it for someone else?

The Indictment assumes Mr. Silva knew he was not the actual buyer. But it does not allege:

1. That someone else directed him to make the purchase;
2. That Mr. Silva was paid by someone else to buy the gun;
3. That Mr. Silva immediately transferred the firearm to another person;
4. That Mr. Silva admitted he was acting as a straw purchaser (someone who buys a gun for another person);
5. That Mr. Silva understood the legal meaning of "actual buyer";

6. Any statement or action by Mr. Silva demonstrating he knew the answer he gave was false.

Without these factual allegations, knowledge is stated as a conclusion and not supported by facts. Under Russell, that is insufficient.

## VII. WHY FACTUAL PLEADING OF KNOWLEDGE MATTERS

Requiring the Government to allege facts supporting knowledge serves important purposes:

A. Notice to the Defendant

An indictment must tell the defendant exactly what he is accused of so he can prepare a defense. If the indictment only says "knowingly" without explaining the factual basis, the defendant does not know what specific knowledge he must defend against. For example:

1. Is the Government claiming Mr. Silva knew because someone told him to buy the gun?
2. Is the Government claiming he knew because he was paid?
3. Is the Government claiming he knew because he immediately gave the gun to someone else?
4. Is the Government claiming he made an admission?

Without knowing which facts, the Government relies on to prove knowledge, Mr. Silva cannot effectively prepare his defense.

B. Grand Jury Function

The grand jury is a group of citizens who review the evidence and decide whether there is probable cause (enough reason) to charge someone with a crime. The grand jury must find probable cause for every element of the crime, including knowledge.

If the indictment does not state the facts supporting knowledge, there is no way to know whether the grand jury actually found those facts or whether the prosecutor simply told them "he knew" without providing supporting evidence.

C. Protection Against Double Jeopardy

The Double Jeopardy Clause protects people from being tried twice for the same crime. A detailed indictment helps establish exactly what crime was charged, which prevents the Government from charging the same conduct again in the future.

If the indictment is vague about what knowledge the Government is alleging, it becomes harder to determine later whether a new charge is really the same crime or a different one.

**CONCLUSION**

Knowledge is an essential element of the crime under 18 U.S.C. § 922(a)(6). Under *United States v. Gaudin*, every element must be found by a jury beyond a reasonable doubt. Under *Russell v. United States* and *Hamling v. United States*, an indictment must allege facts not just legal conclusions. Under *United States v. Cecil*, missing factual detail requires dismissal.

The Indictment alleges knowledge only by using the word "knowingly." It does not state any facts showing that Mr. Silva subjectively knew any statement was false. It does not explain who the alleged other person was, whether money was exchanged, whether the firearm was transferred, whether Mr. Silva made any admission, or whether he understood the legal meaning of "actual buyer."

The Government's Response, Doc. 73, tries to fill in these gaps by referring to jury instructions and trial proof. But an indictment must stand on its own. It must tell Mr. Silva what he is accused of knowing and how he allegedly came to know it.

For these reasons, Mr. Silva respectfully requests that this Court grant the Motion to Dismiss under Rule 12(b)(3)(B).

**RESPECTFULLY SUBMITTED** this 17th day of February 2026.

LAW OFFICE OF RICHARD MADRIL

***/s/ Richard S. Madril***
Richard S. Madril
Attorney for Defendant

**CERTIFICATE OF SERVICE**

A copy of the foregoing document served upon the following person(s) by the following method(s) the 17th day of February 2026.

XX Electronic transmission
_____ Facsimile transmission
_____ Hand delivery / courier
_____ U.S. Mails, first class postage prepaid and properly addressed.

Adam Rossi, Esq
Assistant United States Attorney
405 West Congress Street, Suite 4800
Tucson, AZ 85701-5040
United States Attorney
Adam.Rossi2@usdoj.gov

Richard B. Bacal, Esq.
Law Office of Richard B. Bacal
P.O. Box 1012
Tucson, AZ 85702-1012
rvbacal@gmail.com

Raul A. Miranda, Esq.
35 E. University Blvd.
Tucson, AZ 85705-7736
Mirandalaw@comcast.net

By: ***Richard S. Madril***