TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant United States Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>       vs.<br><br>Eduardo Silva,<br><br>               Defendant. | CR 25-01890-TUC-RCC (MSA)<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SEVER COUNTS (Fed R. Crim. P. 14(a))**<br><br>**(Doc. 68)** |

The United States through undersigned counsel hereby respectfully responds in opposition to the defendant's Motion to Sever Counts (Fed R. Crim. P. 14(a)). (Doc. 68.) This Court should dismiss the motion.

### **INTRODUCTION**

The defendant's basis for severance of counts has no merit. He seeks severance based on the joinder of all twenty counts causing unfair prejudice based on: "multiple transactions over an extended period," "evidence from one transaction would not be admissible in another," a "risk of improper inference based on volume," and that "cumulative prejudice outweighs judicial economy." (Doc. 68.) This Court should not dismiss the indictment. The indictment clearly properly joined the charges, and the case law clearly permits, and encourages, such a joinder. For these reasons and others, as seen below, this Court should not sever the counts in the indictment.

/ / /

## FACTS AND PROCEDURAL BACKGROUND

The United States hereby incorporates the factual background from its Response to the defendant's Motion to Dismiss for Failure to Plead Materiality with Factual Particularity (Fed R. Crim. P. 12(b)(3)(B)(v)) (Doc. 71), for the purpose of this response.

## ARGUMENT

Federal Rule of Criminal Procedure 14(a) provides for severance of offenses or defendants for trial upon a showing of prejudice. Federal Rule of Criminal Procedure 8(a) Joinder of Offenses states: The statute criminalizes:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
> Fed R. Crim. P. 8(a).

In *Zafiro v. United States*, 506 U.S 534 (1993), the Supreme Court noted that "Rules 8(b) and 14 are designed to promote economy and efficiency and to avoid a multiplicity of trials [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Zafiro,* 506 U.S. at 540 (quoting *Bruton v. United States,* 391 U.S. 123 (1968))*.* "While an important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence, a fair trial does not include the right to exclude relevant and competent evidence. *Id.* (emphasis and internal citations omitted).

Notably, "[r]ule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of relief to be granted, if any, to the district court's sound discretion." *Zafiro,* 506 U.S. at 538-39.  Both the Supreme Court and the Ninth Circuit strongly discourage severance. "A district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Id*., at 539. "When the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." *United States v. Anderson*, 642 F.2d 281, 284

(9th Cir. 1981), *citing United States v. Roselli*, 432 F.2d 879 (9th Cir. 1970), cert. denied, 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828 (1971). The Unites States' argument follows.

**I.**   **Severance Is Not Necessary Because Of "Multiple Transactions Over an Extended Period".**

While there are multiple transactions over an extended period, the defendant ignores that the firearms were all recovered together in a single event. That single event is relevant and indeed necessary to prove "in that the defendant, in connection with the purchase of each of the firearms below, stated that he was the actual transferee/buyer of the firearm, whereas in truth and fact, he was knowingly acquiring the firearm on behalf of another individual." (Doc. 1.) Logically, the purchases of these firearms are related. To satisfy Rule 8, "a logical relationship may be shown by the existence of a common plan, scheme, or conspiracy. However, the plan, scheme, or conspiracy need not be charged on the face of the indictment." *United States v. Ford*, 632 F.2d 1354, 1372 (9th Cir. 1980), overruled on other grounds by *United States v. De Bright*, 730 F.2d 1255 (9th Cir. 1984) (en banc) (internal citations omitted). The defendant, and codefendants, purchased the firearms on behalf of another, and were recovered simultaneously being driven into Mexico. As there is a common scheme or plan between the defendants, and the individual purchases, the counts are properly joined, and the motion should be denied.

**II.**   **Severance Is Not Necessary Because "Evidence from One Transaction Would Not Be Admissible in Another", Or Because Of A "Risk of Improper Inference Based on Volume," Or Because "Cumulative Prejudice Outweighs Judicial Efficiency."**

The last three objections are best addressed together, as they are collectively an argument in various forms of a "spillover prejudice" argument. There is none here, and would incredibly burdensome to the Court. Not only would granting this motion have the absurd result of the Court having to conduct twenty separate trials, the government would have to prove each firearm's seizure in Mexico, thereby greatly increasing trial time. If

there is a risk of unfair prejudice, which the government doesn't believe there is, the Court can and should address the possible prejudice with a limiting instruction. *See Zafiro*, 506 U.S. at 539 ("[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."). The claimed possible prejudice does not amount to prejudice requiring the "drastic measure" of severance, *see Zafiro*, *supra*, and the motion should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny the defendant's Motion to Sever Counts (Fed R. Crim. P. 14(a)).

Respectfully submitted this 18th day of February, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*/s/ Adam D. Rossi*
ADAM D. ROSSI
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Richard S. Madril, Esq., *Counsel for Defendant*

*/s/ Adam D. Rossi*
U.S. Attorney's Office