TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant United States Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. CR 25-01890-TUC-RCC (MSA) |
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANT'S AMENDED [*sic*] MOTION TO SUPPRESS EVIDENCE (Fed R. Crim. P. 12(b)(3)(C), Rule 41, and the Fourth Amendment)** |
| vs. | |
| Eduardo Silva, | |
| Defendant. | **(Doc. 70)** |

The United States of America respectfully requests this Court deny the defendant's Amended [*sic*][1] Motion to Suppress Evidence. (Doc. 70). There was, under totality of the circumstances, probable cause to support the search warrant. In addition, the officers relied on the warrant in good faith. This Court should deny the defendant's Motion.

## I.     Facts

United States hereby incorporates the factual background from its Response to the defendant's Motion to Dismiss for Failure to Plead Materiality with Factual Particularity (Fed R. Crim. P. 12(b)(3)(B)(v)) (Doc. 71), for the purpose of this response.

As a result of the review of the ATF Form 4473's, special agents with ATF conducted a review of law enforcement databases indicated that the defendant earned a

---

[1] There was no original Motion to Suppress filed.

total of $61.15 in wages for the first quarter of 2024. No further wages were reported. Utilizing a basic Google search for the make and model of the firearms purchased by the defendant, ATF was able to determine the approximate average price of each firearm, and that the defendant had spent, at minimum, $9,950 buying the listed firearms. *See* ATF Affidavit, Bates no. 0334-0339, hereinafter Defendant's Exhibit 1. As a result of this information, special agents noted license plate reader information placed the defendant (and one codefendant) as living in Tucson, and not the address the defendant listed on ATF Form 4473's. Special agents identified the defendant as using 3231 E. Flower Street, Unit B, Tucson, AZ 85716 as his mailing address and for his vehicle registrations. Defendant's Exhibit 1, Bates No. 0340. Surveillance was also done at the Flower Street address, and the defendant's vehicle was observed at that location several times over approximately a month of surveillance. On March 14, 2025, the defendant and codefendant Silva-Fregoso were observed leaving the Flower Street address and traveling to a FLL, enter the business, and returning to the address listed in the search warrant affidavit. Defendant's Exhibit 1, Bates No. 0341. Between April 7 and April 18, 2025, special agents observed several vehicles registered to the defendant, and codefendant, arrive and depart the residence, and noted the specific unit as Unit B, the unit listed in the affidavit. *Id*.

The affiant spent significant time discussing the potential evidence to be possibly located on the defendant's phone(s) (Defendant's Exhibit 1, Bates No. 0342-0346), and evidence possibly located in the residence itself (Defendant's Exhibit 1, Bates No. 0346-50). The affiant based this on her training and experience, information from other agents, and the type of purchases made by the defendant (and codefendants).

The defendant now requests this Court suppress evidence for the search because the warrant is facially overbroad "based on the affidavit's first page," lacks nexus between the alleged offense and the residence again based on the "affidavit's first page," and that the multi-unit nature of the property renders the warrant invalid. However, there was probable cause based on the totality of circumstances, the affidavit does draw a nexus to the

residence, and the agents relied on the warrant in good faith. Accordingly, the motion should be dismissed.

**II. Law and Argument**

    A. <u>The Search Warrant was Valid</u>

       1. *There were Sufficient Facts to Establish Probable Cause*

As a preliminary matter, the affidavit establishes probably cause to search the listed residence. In *United States v. Gourde,* 440 F.3d 1065, 1069 (9th Cir.) *(en banc), cert. denied,* 127 S. Ct. 578 (2006), a search warrant case, the Ninth Circuit reiterated the rule from *Illinois v. Gates,* 462 U.S. 213, 246 (1983), that the probable cause test is one based on the "totality of the circumstances" and that it requires only a "fair probability" that evidence will be found in a given place, not certainty or even a preponderance of the evidence. Common sense and practicality are the guides, not "flyspeck[ing]" the affidavit or giving it hypertechnical review. *Id.* In "borderline cases, **preference will be accorded to warrants and to the decision of the magistrate issuing it**." *United States v. Terry,* 911 F.2d 272, 275 (9th Cir. 1990) (quotation omitted) (emphasis added).

The desire of the courts to encourage the use of search warrants by law enforcement officers is reflected in a longstanding policy that accords great deference to the determination made by the issuing magistrate. See, *e.g., Ornelas v. United States,* 517 U.S. 690, 698-99 (1996). The Supreme Court's often-quoted admonition in *United States v. Ventresca,* 380 U.S. 102, 109 (1965), is still valid today and certainly applies to the instant case. Noting that conclusory, undetailed affidavits are insufficient, the court nonetheless stressed:

> Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should

not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.

*Id.*

Here, probable cause was established by detailed research and documentation by the affiant, surveillance of both the incorrectly listed address in the ATF Form 4473's and the address listed in the search warrant and affidavit, and the specific and correct identification of the unit within the multi-unit housing.

A random search of all the units would certainly not rise to probable cause. However, that is not what occurred here, and the extensive and specific identification and articulation of the items sought in relation to the offense cited, clearly establishes probable cause under the totality-of-circumstances equation. The agents investigating the sale of the firearms, their recovery in Mexico, and the inconsistent address on the ATF Form 4473's by conducting surveillance, identifying the specific unit, and articulating to the reviewing magistrate why they believed evidence of the offense would be present.

There was probable cause sufficient to support Judge Ferraro's determination to grant the Search Warrant. The totality of the circumstances, the identification of the address actually associated to the defendant and not that address listed on the ATF Form 4473, and the detailed statements of the affiant as to why there was reason to believe evidence of the listed offense would be present at the specific address, all support the finding of probable cause. Therefore, this Court should give the granting judge's decision deference and deny the defendant's motion.

### 2. *Special Agents Could Rely on the Warrant in Good Faith*

Even if the warrant had lacked probable cause, this Court should still decline to suppress because the officers acted in good faith reliance on the legality of the warrant.

Courts have the discretion to examine at the outset whether good faith or another exception to the exclusionary rule exists. *See United States v. Crews*, 502 F.3d 1130, 1136 (9th Cir. 2007) (before examining whether probable cause existed for a search warrant, Ninth Circuit proceeded "directly to the issue of whether there was good faith reliance"), citing *United States v. Leon*, 468 U.S. 897, 923-25 (1984). This Court may do the same.

The officers in this case executed the search warrant in good faith. The "exclusionary rule" is to be "more generally modified to permit the introduction of evidence obtained in the reasonable good-faith belief that a search or seizure was in accord with the Fourth Amendment.'" *Id.*, citing *Gates*, 462 U.S. at 255 (White, J., concurring in judgment). Contrary to the defendant's argument, even if this Court were to find that the magistrate judge erred by issuing the warrant, the affidavit was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923. Rather, when officers obtain a warrant, they do what is constitutionally required, and "it is vital that having done so, their actions should be sustained under a system of justice responsive to both the needs of individual liberty and to the rights of the community." *United States v. Ventresca*, 380 U.S. 102 (1965). This Court should deny the defendant's motion based on the existence of good faith and can do so even without reaching the issue of probable cause.

    B. <u>The Warrant (Affidavit) Is Not Facially Overbroad, The Affidavit Establishes a Nexus Between the Alleged Offense and Residence, and the Property was Lawfully and Specifically Identified</u>

As to the defendant's specific arguments, the warrant is not overbroad, establishes a nexus between the offense and the residence, and the warrant (and search) properly identified the unit associated with the defendant. First, the defendant refers to the first page of the affidavit as proof of the warrant being facially overbroad. The first page of the affidavit establishes the affiant's training and experience. Defendant's Exhibit 1, Bates No. 0334. The rest of the affidavit establishes the probable cause for the residence. Defendant's

Exhibit 1, Bates No. 0334-0350. The government is unclear why the training and experience of the affiant would render the warrant overbroad. Notably, the affidavit refers to specific transactions, and their dates and who completed them, for the basis of the probable cause. Additionally, Attachment B refers to the specific items, which are referenced in the affidavit, which are the subject of the search warrant. Defendant's Exhibit 1, Bates No. 0331. As such, the warrant is not facially overbroad, and the motion should be dismissed as to this argument.

Second, as to the defendant's argument that the affidavit doesn't establish a nexus between the offense and the residence, the affidavit explains in great detail how the residence was connected back to the defendant (and codefendant), and, based on the training and experience of the affiant, what evidence of these crimes may be present and why. The defendant again oddly refers to the first page of the affidavit, and offers no basis why the Court should only consider the first page of an affidavit, which would be both strange and practically impossible in this instance, where the probable cause developed by the agents occurred over several months. Accordingly, there is a clear nexus established on the following pages of the affidavit, and the motion should be dismissed on this basis.

Finally, the defendant's argument fails based on the search warrant was authorized specifically for Unit B (which was the only unit searched). The search warrant properly identifies Unit B as part of a multi-unit, because the address is a multi-unit housing complex, the same as an apartment complex. This is not only standard practice in this District, but proper to describe the property as it actually is. Significantly, and dispositively, the affiant correctly identifies the correct unit associated with the defendant based on the defendant's mailing address, surveillance, clearly notes it as his residence and location where he registers his vehicles, and that is the only unit searched by the agents. *See* Defendant's Exhibit 1, Bates No. 0329, 0330, 0333, 0334-0335, 0340-0341. Therefore, the property was correctly described, and the specific unit attributed to the defendant a variety of ways, and this basis for the motion should be dismissed.

### C. Conclusion

The warrant in this case was supported by probable cause, particularly in light of lengthy precedent establishing deference be given to the granting judge in borderline cases, even assuming *arguendo* the instant case was properly considered a borderline one, which the government does not believe it is. Probable cause existed in the totality of the circumstances, given the information contained in the affidavit, especially regarding the type of evidence that is usually generated in these offenses, the lengthy investigation and surveillance conducted on the defendants, and the specificity and nexus of the warrant to the offense. The judge was not derelict in his duty by granting this warrant given these facts in the application. Even if this Court found probable cause to be borderline, Ninth Circuit law establishes suppression is not appropriate. Further, the officers appropriately relied on the warrant in good faith. This Court should deny the defendant's motion without a hearing.

Respectfully submitted this 18th day of February, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*/s/ Adam D. Rossi*
ADAM D. ROSSI
Assistant U.S. Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 18, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Richard S. Madril, Esq., *Counsel for Defendant*

*/s/ Adam D. Rossi*
U.S. Attorney's Office